UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CEMENT MASONS' LOCAL UNION
NO. 111 OF THE OPERATIVE
PLASTERERS' AND CEMENT
MASONS' INT'L ASS'N OF
THE UNITED STATES AND CANADA,
ET AL.,

                Plaintiffs,

v.                                     **DECISION AND ORDER**
                                           04-CV-137S

CHRISTA CONSTRUCTION, LLC,

                Defendant.

      1.      Presently before this Court is Defendant's motion requesting dismissal of the Complaint pursuant to Rule 12(h)(3) and Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is granted.

      2.      The following facts, which are alleged in the Complaint, are assumed true for purposes of the instant motion. Defendant was the general contractor for the GM Powertrain Tonawanda Engine Plant renovation project in Tonawanda, N.Y. (Complaint, at ¶ 15). Defendant hired STS Construction of WNY, Inc. ("STS") as a subcontractor to work on the project. (Id. at ¶ 16). STS executed an Interim Agreement with Plaintiffs and agreed to the terms of a collective bargaining agreement ("CBA") on June 1, 2002. (Id. at ¶ 9). On October 7, 2003, STS walked off the renovation project without paying employee fringe benefit contributions to the Cement Masons' Local Union No. 111 and its various funds as required by the CBA. (Id. at ¶ 19). Approximately $50,000 was due and owing at the time STS walked off the project. (Id. at ¶ 38).

3.     After STS left, Defendant promised Plaintiffs that it would guarantee payment of the approximately $50,000 owed by STS. (Id. at ¶ 23). Defendant made this guarantee, which was later reduced to writing, in order to prevent the Union members from striking. (Id. at ¶ 24, 25, Exh. C). Although the unions continued to work, Defendant never paid Plaintiffs the $50,000. (Id. at ¶ 29).

4.     Plaintiffs commenced this action on March 3, 2004, by filing a Complaint in the United States District Court for the Western District of New York. Defendant timely filed its Answer on May 7, 2004. On August 31, 2004, Defendant filed a motion requesting dismissal of the Complaint pursuant to Rule 12(h)(3) and Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. This Court heard oral argument on October 27, 2004, and reserved decision at that time.

5.     Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12 (c). Courts faced with motions under Rule 12(c) apply the same standard used to decide motions brought under Rule 12(b). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." Id. The case cannot be dismissed unless the court "is satisfied that the complaint cannot state any set of facts that would entitle [plaintiff] to relief." Id.

6.     Rule 12(h)(3) provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12 (h)(3). "The burden of proving jurisdiction is on the party asserting it." Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

7. Plaintiffs argue that Defendant's failure to honor its guarantee and pay the $50,000 debt violates the Employee Retirement Income Security Act, 29 U.S.C. §§1132(a)(3), 1145 ("ERISA") and the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 ("Taft-Hartley Act"). Defendant argues that there is no basis for federal jurisdiction because it simply agreed to pay Plaintiffs a lump sum, which does not give rise to jurisdiction or state a claim under either ERISA or the Taft-Hartley Act.

8. Section 515 of the Employee Retirement Income Security Act provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

Under ERISA, an employer is defined as "any person acting directly as an employer, or indirectly in the interest of an employer." 29 U.S.C. § 1002(5). The Second Circuit has found that contractors who are not signatories to collective agreements, but who assume financial guarantees of contribution payments, do not qualify as ERISA employers. Bleiler v. Christwood Constr., Inc., 72 F.3d 13, 16 (2d Cir. 1995) (citing cases); see also Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561, 575-76 (2d Cir. 1995) (holding that a contract separate from a collective bargaining agreement does not make the promisor an employer under ERISA).

9. The facts in Bleiler are similar to the facts in this case. In both cases, the

general contractor agreed to pay a subcontractor's delinquent debt but was not a signatory to the CBA. Bleiler, 72 F.3d at 16. The plaintiff in Bleiler argued that the general contractor acted indirectly as the employer and therefore assumed the subcontractor's ERISA obligations. Id. at 15. The Second Circuit rejected this argument, finding that the contractor did not assume the employer's functions or sign a CBA. Id. at 15. The contractor had agreed to pay only the delinquent debt. Id. Joining the other circuits that had addressed the issue, the court found that contractors who are not signatories to collective agreements, but who assume financial guarantees of contribution payments, do not qualify as ERISA employers. Id. at 16 (citing cases).

10. Bleiler controls here. It is uncontested that Defendant was not a signatory to the CBA. Rather, Defendant assumed a financial obligation to make a one-time payment to Plaintiffs to cover STS's delinquency. Plaintiffs argued at oral argument that Defendant is an employer under ERISA because it acted in the interest of the employer, but the Complaint contains no such allegations, and even if it did, the Second Circuit rejected a similar argument in Bleiler. Accordingly, because Defendant was not acting as an "employer," Plaintiffs have failed to state a claim under ERISA and there is no federal jurisdiction.

11. Section 301 of the Labor-Management Relations Act provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the

parties.

29 U.S.C. § 185(a).

This section "governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" Caterpillar Inc. v. Williams, 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (quoting Int'l Bhd. of Elec. Workers v. Hechler, 481 U.S. 851, 859 n.3, 107 S.Ct. 2161 n. 3, 95 L.Ed.2d 791 (1987)). The Second Circuit has held that "at a minimum the defendant must have breached some duty created by a labor contract to be liable for a violation." Greenblatt, 68 F.3d at 572.

12.     Here, Plaintiffs do not allege that Defendant signed a collective-bargaining agreement or that it had a labor contract with Plaintiffs. As such, Defendants cannot be liable for a violation of the Taft-Hartley Act. See Caterpillar, 482 U.S. at 394; Greenblatt, 68 F.3d at 572; see also Dist. Two Marine Eng'rs Beneficial Ass'n-Associated Mar. Officers, AFL-CLO v. Grand Bassa Tankers, 663 F.2d 392, 398-401 (2d Cir. 1981) (stating that § 301 cannot be interpreted to enforce contracts between a union and a third party). Therefore, Plaintiffs have failed to state a claim and there is no basis for jurisdiction under the Taft-Hartley Act.

13.     This Court finds that Plaintiffs have failed to plead causes of action arising under federal law. Plaintiffs claims arise solely from Defendants' alleged breach of a guarantee to pay the preexisting debt of a third-party, to wit: STS. ERISA and the Taft-Hartley Act are simply not implicated in Plaintiffs' claims. As such, this case will be

dismissed pursuant to Rules 12(h)(3) and 12(c) of the Federal Rules of Civil Procedure.

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 9) is GRANTED.

FURTHER, that the Clerk of the Court shall take the steps necessary to close this case.

SO ORDERED.

Dated: September 5, 2005
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
